**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

LISA SYPNIEWSKI,

        Plaintiff,

    v.

RIDGEVIEW OPERATIONS, LLC,

        Defendant.

CIVIL ACTION NO. 3:24-CV-2051

(MEHALCHICK, J.)

**MEMORANDUM**

On November 25, 2024, Lisa Sypniewski ("Plaintiff") initiated this action by filing a complaint against the Defendant Ridgeview Operations, LLC ("Defendant") for violations of Plaintiff's rights under the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Family and Medical Leave Act of 1993 ("FMLA"). (Doc. 1). Before the Court is a motion to dismiss Count VI of Plaintiff's complaint filed by Defendant on February 6, 2025. (Doc. 6). For the following reasons, Defendant's motion will be **DENIED**. (Doc. 6).

## I.   BACKGROUND AND PROCEDURAL HISTORY

The following factual background is taken from Plaintiff's complaint. (Doc. 1). Defendant operates a nursing home located in Shenandoah, PA. (Doc. 1, ¶ 3). Plaintiff was employed by Defendant beginning in 2016. (Doc. 1, ¶ 22). Plaintiff was promoted to the position of Admission Coordinator on or about July 23, 2020. (Doc. 1, ¶¶ 22, 24). She held this position until the events forming the basis of this lawsuit in 2023. (Doc. 1).

Around March 2023, Plaintiff began experiencing episodes of heavy bleeding. (Doc. 1, ¶ 26). Between March 2023 and July 2023, these episodes required Plaintiff to seek medical

care on numerous occasions and to miss work, whether by choice or Defendant's mandate. (Doc. 1, ¶¶ 28, 30-35, 37-38, 40, 46, 51-59, 61). In July of 2023, Plaintiff alleges her doctor cleared her to work, but did not clear her to drive due to her severe bleeding symptoms. (Doc. 1, ¶ 59). Plaintiff informed Defendant's relevant managers and supervisors that "she was ready and willing to work but required an accommodation to not drive." (Doc. 1, ¶ 60). Defendant subsequently denied her requested accommodation, providing the request was "a 'Big. Fat. NO,'" and forced Plaintiff to take leave under the FMLA, while "refus[ing] to engage in the required interactive process." (Doc. 1, ¶¶ 64-66). During her FMLA leave, Plaintiff again provided Defendant with an updated medical note stating she could perform her essential work duties but could not drive. (Doc. 1, ¶¶ 67-68). Defendant did not respond to Plaintiff's request to return to work before the end of her FMLA leave. (Doc. 1, ¶ 69). Plaintiff remained on FMLA leave until October 5, 2023. (Doc. 1, ¶ 70). After Plaintiff's FMLA had expired, "Defendant refused to allow [her] to return to work with her requested [driving] accommodation that was still medically necessary." (Doc. 1, ¶ 71). Accordingly, Plaintiff resigned from her position. (Doc. 1, ¶¶ 72-75).

On November 25, 2024, Plaintiff filed the instant lawsuit against Defendant. (Doc. 1). On February 6, 2025, Defendant filed the instant motion to dismiss along with a brief in support. (Doc. 6; Doc. 7). Plaintiff filed her brief in opposition to Defendant's motion on February 20, 2025. (Doc. 8). On March 6, 2025, Defendant filed a reply brief. (Doc. 9). Accordingly, the motion is ripe for disposition. (Doc. 6; Doc. 7; Doc. 8; Doc. 9).

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting

*Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed

in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d

1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for

which there is sufficient factual matter to render them plausible on their face." *Schuchardt v.*

*President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

The plausibility determination is context-specific and does not impose a heightened pleading

requirement. *Schuchardt*, 839 F.3d at 347.

## III.    DISCUSSION

Defendant seeks to dismiss Plaintiff's FMLA interference claim, Count VI of the

complaint. (Doc. 1, ¶¶ 119-29; Doc. 6). "The FMLA was enacted, in part, to 'balance the

demands of the workplace with the needs of families,' and 'to entitle employees to take

reasonable leave for medical reasons.'" *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245,

251 (3d Cir. 2014) (quoting 29 U.S.C. § 2601(b)(1), (2)). To establish an interference claim

under the FMLA, a plaintiff must demonstrate (1) she was an eligible employee under the

FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the

plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or

her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which she was

entitled under the FMLA. *Hess v. Twp. of Saint Thomas*, No. 1:23-CV-544, 2024 WL 1333371,

at * 4 (M.D. Pa. Mar. 28, 2024). An interference action is not about discrimination, it is only

about whether the employer provided the employee with the entitlements guaranteed by the

FMLA. *Fluellen v. City of Phila.*, No. 23-1606, 2024 WL 1468331, at *4 (E.D. Pa. April 4, 2024).

The FMLA requires that eligible employees are entitled to twelve workweeks of leave during a one-year period if experiencing a serious health condition. *Fluellen*, 2024 WL 1468331, at *2 (citing to 29 U.S.C. § 2612(a)(1)); *see also Budhun*, 765 F.3d at 254-55. Under the FMLA, "[a]n employee may not be required to take more FMLA leave than necessary to resolve the circumstance that precipitated the need for leave." 29 C.F.R. § 825.311(c). The FMLA also provides that any employee who takes this leave "shall be entitled, on return from such leave. . .to be restored by the employer to the position of employment [previously] held by the employee. . .or. . .to an equivalent position" so long as they are able to perform the essential functions of the position. *Macfarlan v. Ivy Hill SNF, LLC*, 675 F. 3d 266, 271 (3d Cir. 2012) (quoting 29. U.S.C. § 2614(a)(1)); *see also Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 141 (3d Cir. 2004), *holding modified by Erdman v. Nationwide Ins. Co.*, 582 F.3d 500 (3d Cir. 2009). It is the healthcare provider, not the employer, that is enabled to certify whether the employee may perform the essential functions of their job. *Budhun*, 765 F.3d at 253-54. While an employer may request certification from a medical professional that the employee is indeed fit to return to their position and can then introduce evidence that the employee could not perform their essential functions, that inquiry is better suited for summary judgment than the motion to dismiss stage. *Budhun*, 765 F.3d at 254-55.

Defendant puts forward, "[i]n Count VI of the Complaint, Plaintiff alleges [Defendant] interfered with her rights under the FMLA, but [Defendant] provided Complainant with twelve workweeks of FMLA leave." (Doc. 7, at 4). According to Defendant, Plaintiff has therefore failed to allege the fifth element of a FMLA claim, the plaintiff was denied benefits

to which she was entitled to under the statue. (Doc. 7, at 5). Plaintiff responds that she "validly

pleads a claim of FMLA interference under Count VI of her Complaint," because she has

pled "Defendant's interference occurred when it refused to allow Plaintiff to return to work

in her prior position (or a substantially similar position) following the end of her FMLA

leave." (Doc. 8, at 6). Accordingly, at issue in this case is the fifth element of the FLMA

interference claim, whether Plaintiff was denied the benefits she was entitled to under the

FMLA. *Hess*, 2024 WL 1333371, at * 4.

Plaintiff argues she was denied benefits under the FMLA because Defendant refused

to reinstate her in her previous position following her FMLA leave from July 23, 2023, to

October 5, 2023, despite the fact that she could perform the essential functions of the position.[1]

(Doc. 1, ¶¶ 63, 70; Doc. 8, at 7-9). Defendant argues Plaintiff could not perform all the

essential functions of her prior role, citing the fact that she requested a medically required

driving accommodation. (Doc. 1, ¶¶ 59, 61, 65; Doc. 7, at 6; Doc. 9, at 2). While this may or

may not be true, at this early stage of the litigation, Plaintiff has alleged sufficient facts to

support her claim that her doctor concluded she could perform the essential functions of her

job and thus, under the FMLA, she was entitled to return to her position. (Doc. 1, ¶ 41).

Under the FMLA, it is the health care provider, not the employer, that is enabled to certify

whether the employee may perform the essential functions of their job. *Budhun*, 765 F.3d at

253-55. An employer may provide a medical examiner with a list of specific functions that are

---

[1] The complaint provides that Plaintiff sought and received FMLA leave from July 23, 2023, to October 5, 2023. (Doc. 1, ¶¶ 63, 70). Accordingly, Plaintiff has alleged she received the full twelve weeks of leave she is entitled to under the FMLA. (Doc. 1, ¶¶ 63, 70).

essential to a job so that the doctor could determine if a plaintiff can perform them, however, without a factual record, it is unclear whether that occurred in this case. *Budhun*, 765 F.3d at 254-55. Instead, according to the complaint, Plaintiff provided Defendant with several doctors' notes stating she could perform the essential duties of her position. (Doc. 1, ¶¶ 41, 67-69, 72).  Reviewing the facts alleged in the complaint in a light most favorable to Plaintiff, this Court finds dismissal of Plaintiff's interference claim, Count VI of the complaint is not warranted, especially at this early stage of the litigation. Once this Court has an established record before it, Defendant may introduce evidence that Plaintiff was not able to perform the essential duties of her position. *Budhun*, 765 F.3d at 254-55. Until then, this Court finds Plaintiff's FMLA interference claim is sufficiently pled. (Doc. 1, ¶¶ 119-29). Defendant's motion to dismiss will therefore be **DENIED**. (Doc. 6).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's FMLA interference claim, Count VI of the complaint, is **DENIED**. (Doc. 1, ¶¶ 119-29; Doc. 6).

An appropriate Order follows.

Dated: June 12, 2025                                          s/ *Karoline Mehalchick*
                                                             **KAROLINE MEHALCHICK**
                                                             **United States District Judge**